# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| American Achievement Corporation et al., | Case No. 21-cv-2613 (NEB/DJF) |
| Plaintiffs, | |
| v. | **ORDER** |
| Jostens, Inc., | |
| Defendant. | |

This matter is before the Court on Defendant Jostens' Motion to Compel Discovery (ECF No. [178]) and Plaintiffs' (collectively, "Balfour") Motion to Compel (ECF No. [184]). The Court held a hearing on the motions via Zoom on March 17, 2023 and issued its decision from the bench (*see* ECF No. 198). This Order memorializes that decision.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. **Discovery Timeframe**

    a. The time period of discoverable material in this matter is from January 1, 2018 through December 3, 2021 for all parties, except to the extent that the producing party, prior to the date of the hearing, already produced or agreed to produce responsive information for a longer time period, or the requesting party requested or previously agreed to accept production for a shorter time period, or as otherwise stated in an explicit exception below.

1

2. **Jostens' Motion to Compel Discovery (ECF No. [178]) is GRANTED IN PART AND DENIED IN PART as follows:**

   a. **Balfour Business Information & Corporate Structure**

      i. Balfour shall produce business information relating to the 21 former sales representatives listed in its proposed Second Amended Complaint (ECF No. 172 Ex. A) ("Listed Representatives") only. Such production shall include documents related to Balfour's nonpayment of any amounts owed to the Listed Representatives;

      ii. Balfour shall produce copies of any existing corporate organization charts showing the corporate relationships and departments among the Plaintiffs and their affiliates, and any such charts showing the identities of employees in key positions of Plaintiffs;

      iii. Balfour shall produce copies of polices, procedures, and communications related to its efforts to protect the trade secrets at issue during the period from January 1, 2015 to December 3, 2021;

      iv. Balfour shall produce documents showing its sales, revenues and profit margins for sales made to the customers serviced by the Listed Representatives, both before and after the Listed Representatives left Balfour;

      v. Balfour shall produce documents sufficient to describe the occurrence, nature and time-period of its bankruptcy proceedings; and

      vi. All other requests to compel production of the "Balfour Business Information" are **DENIED**.

b. **Balfour Documents Containing or Describing the Contested Trade Secrets**

   i. Jostens' request for Balfour to produce its internal documents containing or describing the contested trade secrets is **DENIED**, except as set forth in subsection (c) of this paragraph;

c. **Balfour Documents Relating to the Contested Trade Secrets**

   i. Balfour shall produce documents related to its communications of the contested trade secrets to the Listed Representatives (whether before or after they left Balfour) and/or to any third parties (regardless of whether the third parties were subject to confidentiality agreements). The applicable time period for the production in response to this request shall be January 1, 2015 to December 3, 2021; and

   ii. Balfour shall produce documents relating to its valuation of the contested trade secrets.

d. **Documents Related to Balfour's Identified Customers**

   i. Balfour shall produce all documents it previously agreed to produce (*see* ECF No. 195 at 34), for the time period from January 1, 2018 to December 3, 2021, except to the extent Jostens previously agreed to accept production for a lesser period of time;

   ii. Balfour shall produce all documents concerning complaints from the customers identified in its sealed exhibit to the Second Amended Complaint (ECF No. 201-17) ("Identified Customers") and all documents concerning untimely or unfulfilled orders for the Identified Customers; and

      iii. Balfour shall produce all documents pertaining to the rationale proffered by any of the Identified Customers for switching its business from Balfour to Jostens.

  e. **Balfour Documents and Admissions Regarding Competition for Independent Sales Representatives**

      i. Balfour shall produce documents related to Balfour's competition for independent sales representatives, with respect to the Listed Representatives only.

  f. **Balfour Documents and Admissions Related to Balfour's "Bad Acts"**

      i. Jostens' discovery requests relating to Balfour's alleged recruitment of Jostens' independent sales representatives and/or Balfour's alleged gifts to customers are **DENIED**.

  g. **E-Discovery Containing the Names of the Listed Representatives**

      i. Jostens' request for all e-Discovery documents containing the names of the Listed Representatives is **DENIED**. Proposed e-discovery searches for the Listed Representatives' names must be linked to reasonably limiting search terms related to Balfour's claims or Jostens' defenses.

3. **Balfour's Motion to Compel (ECF No. [184]) is GRANTED IN PART DENIED IN PART as follows:**

  a. **Requests for Admission Related to the *Herff-Jones* Litigation:**

      i. Jostens shall respond to any requests for admissions related to the *Herff-Jones* litigation, to the extent the request calls for an admission or denial of any undisputed fact in the public record. This determination is not a

4

        determination as to the admissibility of any information related to *Herff-Jones* in any motion or trial in this case.

b. **Jostens Documents Related to any Strategies to Acquire Competitors' Employees, Representatives or Customers**

    i. Jostens shall produce documents referring to any strategy to acquire employees or sales representatives from Balfour, for the period from January 1, 2015 to December 3, 2021. Jostens is not required to produce documents referring solely to any strategies to acquire customers;

    ii. Jostens shall produce the "Key Growth Initiatives" document discussed in the *Herff-Jones* litigation and any other documents or communications concerning the Key Growth Initiatives, for the time period from January 1, 2015 to December 3, 2021, to the extent such documents refer to Balfour specifically or to acquiring competitors' employees or sales representatives generally.

c. **Litigation Against Jostens**

    i. Jostens shall produce any legal complaints or counterclaims filed against Jostens during the five-year time-period preceding the date of this Order, to the extent such complaints or counterclaims accuse Jostens of trade secrets theft, tortious interference with restrictive covenants or non-competition agreements, or any substantially similar claim.

d. **Documents Concerning Jostens' Product Sales**

    i. Jostens shall produce documents regarding sales to the Identified Customers during the period from January 1, 2018 to December 3, 2021.

5

e. **Documents Concerning the Potential Sale of Jostens' Business**

   i. Balfour's requests for information concerning the sale of Jostens' business, including Interrogatory No. 20, are **DENIED**.

f. **Interrogatories**

   i. Jostens' objection to answering Balfor's Interrogatories on the ground that the interrogatories are compound, such that Balfor has exceeded the limit set forth in the Pretrial Scheduling Order (ECF No. 124), is overruled, and Balfour's request to compel answers to interrogatories to which Jostens objected on that ground is **GRANTED**. Jostens must answer the disputed interrogatories, unless otherwise ordered herein.

   ii. Jostens shall answer Interrogatory Nos. 18 and 19; and

   iii. The Interrogatory limit set forth in the Pretrial Scheduling Order (ECF No. 124), is extended. Each party may serve up to 43 interrogatories.

4. **Modification by Stipulation**

   a. The parties may modify the scope or time-period applicable to any discovery request, as set forth in this Order, by stipulation or mutual agreement without leave of Court.

5. **Disputes not Addressed by this Order and Future Motions Addressing These Issues**

   a. Any contested issues raised in the motions to compel that are not addressed by this Order are **DENIED WITHOUT PREJUDICE**; and

   b. To the extent that any issue unaddressed by this Order goes to a **core issue** in the parties' claims or defenses and cannot be resolved through additional

diligent, good faith efforts to meet and confer, the parties may bring another motion.  However, the Court fully expects that if the parties engage in a genuine, good faith effort to resolve any such disputes, they will be able to resolve them without additional Court intervention.  **<u>The Court is concerned about the aggressive manner in which both sides have approached the discovery process in this case, and warns the parties that it may sanction counsel or any party that it determines has not negotiated in good faith.</u>**  Any motion filed pursuant to this paragraph shall be no more than 5 pages in length with no attachments.  The Court reserves the right to resolve any such motion on the papers without a hearing.

6. **Future Nondispositive Motion Practice in this Matter**

    a. Any hearing related the motions to compel, and ALL future nondispositive motion hearings in this case will be held in person and a representative of each party's client must be present.

    b. The Court directs lead local counsel for each party (or, if preferred, other lead counsel) to contact chambers to arrange a date for a half-hour in-chambers meeting with Judge Foster to discuss the parties' other pending motions and future motion filing practices in this matter.

Dated: March 21, 2023              *s/ Dulce J. Foster*
                                   Dulce J. Foster
                                   United States Magistrate Judge

7