UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| American Achievement Corp. et al., | Case No. 21-cv-2613 (NEB/DJF) |
| Plaintiffs, | |
| v. | ORDER ON JOINT MOTIONS REGARDING CONTINUED SEALING |
| Jostens, Inc., | |
| Defendant. | |

This matter is before the Court on the parties' Joint Motions Regarding Continued Sealing: (ECF No. 167) ("First Motion"); (ECF No. 205) ("Second Motion"); and (ECF No. 209) ("Third Motion"). In the First Motion, Plaintiffs (collectively, "Balfour") and Defendant ("Jostens") dispute the continued sealing of: (1) Jostens' Memorandum of Law in Support of Motion to Compel Trade Secret Identification (ECF No. 135); (2) Balfour's Opposition to Jostens' Motion to Compel Trade Secret Identification (ECF No. 148); (3) Balfour's Trade Secret Identification and Revised Trade Secret Identification (ECF Nos. 138, 138-1); (4) Balfour's concession pricing agreement form (ECF No. 138-2); (5) a presentation to Balfour sales representatives (ECF No. 138-3); and (6) and a spreadsheet of Balfour customer information (ECF No. 138-4). In the Second Motion, the parties dispute the continued sealing of Balfour's list of lost customers (ECF No. 173). In the Third Motion, on which Jostens takes no position, Balfour seeks to keep the redacted portions of 18 exhibits (ECF Nos. 202–202-17) to its Second Amended Complaint (ECF No. 200) under seal.[1] The Court grants Balfour's requests for continued sealing of its business records,

---

[1] ECF No. 201-17 appears to be a carbon copy of ECF No. 173 at issue in the Second Motion.

1

agreements, and customer lists, but otherwise denies its requests for continued sealing for the reasons given below.

## I. Legal Standard

"There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). "[A]ll documents properly filed by a litigant seeking a judicial decision are judicial records and entitled to a presumption of public access." *Marden's Ark, Inc. v. UnitedHealth Group, Inc.*, 534 F. Supp. 3d 1038, 1045 (D. Minn. 2021); *see also* Local Rule 5.6, 2017 Advisory Committee Note ("[T]he public does have a qualified right of access to information that is filed with the court. Even if such information is covered by a protective order, that information should not be kept under seal unless a judge determines that a party or nonparty's need for confidentiality outweighs the public's right of access.") "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings[.]" *IDT Corp.*, 709 F.3d at 1222 (quotation and citation omitted). It also provides a measure of accountability to the public at large, which pays for the courts. *Id.* (citation omitted).

However, this presumption of the "right to inspect and copy judicial records is not absolute." *Id.* at 1222 (quoting *Nixon v. Warner*, 435 U.S. 589, 597–98 (1978)). "[T]he weight to be given to presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224. When the documents at issue played a material role in the exercise of Article III power or are of value to those monitoring the federal courts, "the presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508,

511 (8th Cir. 2018). On the other hand, when the documents at issue did not play a material role in the exercise of Article III power or are of little value to those monitoring the courts, the presumption of public access instead "amounts to … a prediction of public access absent a countervailing reason." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). Discovery motions and other non-merits-based motions generally are afforded a lower or weaker presumption of public access than proceedings in which a district judge exercises Article III power to determine the merits of a case. *See Willis Electric Co., Ltd. v. Polygroup Limited (Macao Commercial Offshore) et al.*, 15-cv-3443 (WMW-KMM), 2019 WL 2574979, *1 (D. Minn. June 24, 2019) (quoting *Krueger v. Ameriprise Fin., Inc.*, No. 11-cv-2781 (SRN/JSM), 2014 WL 12597948, at *8 (D. Minn. Oct. 14, 2014)).

**II.    Analysis**

None of the documents at issue in connection with the sealing motions before the Court has played any role in an Article III judge's merits-based decision. The parties' memoranda addressed Jostens' non-dispositive Motion to Compel Trade Secret Identification ("Motion to Compel") (ECF No. 133) before the undersigned Magistrate Judge. Jostens filed the exhibits at ECF No. 138 in connection with that Motion to Compel. Balfour filed the exhibit at ECF No. 173 in connection with the parties' Stipulation of Consent for Plaintiffs to File a Second Amended Complaint ("Stipulation") (ECF No. 172). And ECF Nos. 201 through ECF No. 201-17 are all exhibits attached to Balfour's Second Amended Complaint (ECF No. 200), which the District Judge has not yet addressed in connection with any motion on the merits. Thus, to the extent the presumption of public access applies, it must be predicated on the resultant value of the information at issue to those monitoring the federal courts and not on the exercise of Article III judicial power,

3

*see IDT Corp.*, 709 F.3d at 1224, and while there is a presumption of public access to these documents, it is relatively weak.

      **A.**      **The First Motion (ECF No. 167)**

The parties' First Motion on sealing addresses the parties' dispute as to whether the memoranda of law and exhibits filed in connection with Jostens' Motion to Compel Trade Secret Identification (ECF No. 133) ("Motion to Compel") should be kept under seal. These documents fall into three categories: (1) business records attached as exhibits to Jostens' Motion to Compel; (2) Balfour's Trade Secret Identification lists prepared for purposes of this litigation, the sufficiency of which Jostens contested in its Motion to Compel; and (3) the parties' memoranda filed in connection with Jostens' Motion to Compel.

      **1.**      **Business Records**

Jostens attached several Balfour business records as exhibits in support of its Motion to Compel, including: Balfour's concession pricing agreement form (ECF No. 138-2); a Balfour presentation to sales representatives (ECF No. 138-3); and Balfour's customer spreadsheet (ECF No. 138-4). Although the Court reviewed the business records at issue in connection with Jostens' Motion to Compel, its decision on that non-dispositive motion did not turn on their content, and Jostens has not proffered any reason why there is value to the monitoring public in disclosing them. The Court accordingly concludes there is a weak presumption of public access to these records, which can be overcome by a countervailing reason to the contrary.

Balfour proffers such a reason, asserting that each of the documents in dispute contains "non-public, highly competitive, proprietary, [and] commercially-sensitive" information that constitutes "trade secrets" (*see* ECF No. 167). Significantly, Balfour produced these documents in connection with its Trade Secret Identification as exemplars for the purpose of illustrating to

Jostens precisely the kinds of materials it deems to contain trade secrets (*see* ECF No. 135 at 18-19). Jostens' sole argument for unsealing them is that it disputes Balfour's characterization of its trade secrets (*see* ECF No. 167). But this argument goes directly to the heart of the parties' substantive dispute on the merits, which the Court will not decide in the context of a non-dispositive sealing motion. Upon reviewing the documents, the Court finds Balfour asserts at least a colorable claim that the documents contain trade secrets. *See Willis v. Elect. Co.,* Ltd. 2019 WL at *2 (noting that customer lists may warrant continued sealing). It is enough—at this stage in the proceedings—that unsealing such documents at this juncture would adversely affect Balfour's right to prosecute its claims. These documents will remain sealed for these reasons. *Cf. Cardiac Pacemakers, Inc. v. Aspen II Holding Co*., No. 04-cv-4048 (DWF/FLN), 2006 WL 3043180, at *5 (D. Minn. Oct. 24, 2006) ("For the documents that contain trade secrets and other proprietary information, the Court finds there is no reasonable alternative to sealing most of these documents.").

This ruling is based on the present record and is subject to change, however. The Court notes that it may order these documents to be unsealed in the future if Balfour is unable to establish their value as trade secrets or the documents play a material role any merits-based decision made by the District Judge or the undersigned Magistrate Judge. Under such circumstances, the public right of access to the documents may outweigh Balfour's interest in keeping them confidential.

### 2. Trade Secret Identification Documents

On September 28, 2022, Magistrate Judge Becky R. Thorson entered an Order Lifting Stay and Pretrial Scheduling Order in this action. (ECF No. 124.) Among the order's provisions was a requirement stating that Balfour must "identify in writing and serve on the parties, with a level of particularity that is reasonable under the circumstances, each asserted trade secret" claimed in

connection with this case. (*Id.* at 7-8.) In response to Judge Thorson's order, Balfour produced an initial Trade Secret Identification (ECF No. 138) and a Revised Trade Secret Identification (ECF No. 138-1). Balfour seeks to keep these documents under seal, while Jostens argues they should be unsealed in their entirety.

Unlike the above-described Balfour business records, the Trade Secret Identification documents are litigation materials prepared in response to a court order. The Court finds there is a material public interest in accessing these documents, which were the subject of Jostens' Motion to Compel and the Court's Order on that motion (ECF No. 156). As Balfour itself acknowledged in its memorandum in opposition to Jostens' Motion to Compel, there is little case law addressing when a trade secret identification is sufficient, due to the confidential nature of trade secrets. (ECF No. 148 at 11–12.) Because these documents were central to the Court's decision on Jostens' motion, and because case law on trade secret identification is problematically sparse, public access them is valuable. Court watchers, attorneys, trade secret holders and judges all would benefit from the development of case law addressing the sufficiency of trade secret identification.

Balfour objects to the disclosure of these documents on the ground that they "contain[] descriptions of Balfour's non-public, highly competitive, proprietary, commercially-sensitive trade secrets." But the Initial and Revised Trade Secret Identification documents simply describe the sorts of documents Balfour alleges contain trade secrets at a high level of generality. As Balfour itself argued at the hearing on Jostens' Motion to Compel, the identification documents merely serve the purpose of providing "the other side with information to define the scope of the case for discovery." (ECF No. 159 at 25.) Though protection of confidential business information and trade secrets can provide a valid basis for continued sealing, an "'Identification of Trade Secrets' provid[ing] general categories of information and descriptions" does not implicate a

6

material confidentiality interest when the identification itself does not contain information constituting a trade secret or other confidential information. *See Wilbur-Ellis Co. LLC v. Gompert*, 2022 WL 17736773, at *6 (D. Neb. Dec. 16, 2022) (unsealing a trade secret identification document submitted to the court as part of a discovery motion but for the redaction of three customer names), *aff'd*, 2023 WL 375125 (D. Neb. Jan. 24, 2023).

While Balfour may contend the descriptions contained in its Trade Secret Identification documents reveal confidential business secrets, the Court finds upon reviewing them that the proprietary value of any commercially sensitive information incidentally disclosed in these general descriptions is outweighed by the public's interest in the development of the law in this area. The Court concludes for these reasons that Balfour has not presented a countervailing reason sufficient to overcome the presumption of public access and orders that Balfour's Trade Secret Identification (ECF No. 138) and Revised Trade Secret Identification (ECF No. 138-1) be unsealed.

### 3.     Memoranda on Jostens' Motion to Compel

Balfour seeks continued sealing of the nonredacted versions of the parties' legal memoranda filed in connection with Jostens' Motion to Compel Trade Secret identification, while Jostens argues the memoranda should be unsealed. A comparison of Jostens' nonredacted memorandum (ECF No. 135) with the redacted version (ECF No. 136) shows that all redactions in the Jostens memorandum are citations to Balfour's Trade Secret Identification and Revised Trade Secret Identification. Since, for the above-stated reasons, the Court finds Balfour has not demonstrated sufficient grounds for sealing the Trade Secret Identification documents, the Court necessarily concludes that citations to them in the parties' memoranda do not establish a basis for continued sealing. The Court accordingly orders that the nonredacted version of Jostens' memorandum in support of its Motion to Compel (ECF No. 135) shall be unsealed.

Balfour's redacted memorandum in opposition to Jostens' Motion to Compel (ECF No. 149) redacts citations to Jostens' memorandum in support of its Motion to Compel, references to Balfour's Trade Secret Identification documents, and citations to the above-described business records, which Jostens attached as exhibits to its Motion to Compel. The Court will unseal the citations to Jostens' memorandum (ECF No. 135) and Balfour's Trade Secret Identification documents (ECF Nos. 138 and 138-1) since it orders those documents to be unsealed. But since the Court will allow the business records (ECF Nos. 138-2, 138-3 and 138-4) to remain sealed, it will also allow any portions of Balfour's memorandum citing the text of the business records to remain redacted. The Court accordingly orders that the nonredacted version of Balfour's memorandum in opposition to Jostens' Motion to Compel (ECF No. 148) may remain under seal, provided that Balfour publicly files a new redacted version of its memorandum, in which the only redactions are citations to the text of business records that the Court herein orders may remain under seal.

B.   **The Second Motion (ECF No. 205)**

In their Second Motion on sealing, the parties dispute whether an exhibit Balfour filed (ECF No. 173) in connection with the parties' Stipulation of Consent for Plaintiffs to File Second Amended Complaint (ECF No. 172) should remain under seal. This exhibit includes a table listing clients Balfour claims to have lost and the sales representatives assigned to those clients. The rationale for keeping Balfour's business records sealed applies with equal force here. The Court does not decide whether Balfour's listing of former customers and representatives qualifies as a trade secret but concludes there is a risk that unsealing the exhibit at this stage in the proceedings could adversely affect Balfour's rights, and that this risk is not outweighed by any public interest in unsealing. The Court accordingly grants Balfour's request to keep this document sealed.

C.      The Third Motion (ECF No. 209)

In the parties' Third Motion on sealing, Balfour seeks to continue the sealing of multiple nonredacted versions of documents filed as exhibits to its Second Amended Complaint (ECF Nos. 201–201-17). Jostens takes no position on Balfour's request.

Almost all the documents at issue in the parties' Third Motion are agreements between Balfour and independent sales representatives, whom it alleges Jostens' unlawfully poached from its workforce. Balfour publicly filed copies of each of these agreements with redactions. (ECF Nos. 202–202-16.) The redactions Balfour seeks to maintain are limited in scope, consisting solely of the names of customers serviced in each representative's sales territory and associated column headings. Balfour argues the redacted names of these customers are commercially sensitive trade secrets. (ECF No. 209.) Balfour presents a colorable argument that this information should be protected, which at this stage in the proceedings is not outweighed by any countervailing right of public access. The Court accordingly grants Balfour's request to continue sealing the unredacted versions of these exhibits. (ECF Nos. 201–201-16.)

The only document at issue in the Third Motion that is not an agreement with an independent sales representative is Exhibit 22 (ECF No. 201-17). This exhibit is identical to Balfour's list of lost clients (ECF No. 173), which the Court addressed above in connection with the Second Motion. The Court will keep it under seal at this point in the proceedings for the same reasons. As with the business records discussed above, the Court notes that it may unseal any of the information addressed in connection with the parties' Third Motion if the Court finds in the future that the right of public access outweighs Balfour's interest in keeping the information confidential.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** the parties' First (ECF No. [167]), Second (ECF No. [205]), and Third (ECF No. [209]) Joint Motions Regarding Continued Sealing are **RESOLVED** as follows:

1. The Clerk of the Court is directed to **unseal** the following documents 28 days after the date of this Order, unless a timely motion for further consideration is filed pursuant to Local Rule 5.6(d)(3)[2]:

    a. ECF No. 135

    b. ECF No. 138; and

    c. ECF No. 138-1.

2. The Clerk of the Court is directed to keep the following documents **under seal**:

    a. ECF No. 138-2;

    b. ECF No. 138-3;

    c. ECF No. 138-4;

    d. ECF No. 148;

    e. ECF No. 173;

    f. ECF No. 201-1;

    g. ECF No. 201-2;

    h. ECF No. 201-3;

---

[2] As outlined in the 2017 Advisory Committee Note to Local Rule 5.6, this Order completes Step Three of the four-step procedure to determine whether information filed in connection with Defendants' motion under LR 7.1 will be sealed. Step Four remains available to the parties pursuant to Local Rule 5.6(d)(2)(D), "[a] party or nonparty who objects to the order must file a motion for further consideration under LR 5.6(d)(3)." *See* Local Rule 5.6(d)(3)–(4) (explaining the procedure to seek further consideration).

       i. ECF No. 201-4;

       j. ECF No. 201-5;

       k. ECF No. 201-6;

       l. ECF No. 201-7;

       m. ECF No. 201-8;

       n. ECF No. 201-9;

       o. ECF No. 201-10;

       p. ECF No. 201-11;

       q. ECF No. 201-12;

       r. ECF No. 201-13;

       s. ECF No. 201-14;

       t. ECF No. 201-15;

       u. ECF No. 201-16; and

       v. ECF No. 201-17.

3. Balfour is directed to file, by **June 20, 2023,** a redacted version of its Opposition to Jostens' Motion to Compel Trade Secret Identification (ECF No. 148), which only redacts text referring to documents that the Court otherwise orders sealed as set forth herein, failing which the Court will order that document to be unsealed.

Dated: June 5, 2023                              *s/ Dulce J. Foster*
                                                       Dulce J. Foster
                                                       United States Magistrate Judge